IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHEL THOMPSON, *et al.*, | : : : | |
| Plaintiffs, | : | 2:22-cv-01244-JMY |
| v. | : : | |
| RHOMBUS SERVICES, LLC, | : : | |
| Defendant. | : : | |

# ORDER

**AND NOW**, this 14th day of June, 2023, upon consideration of Plaintiffs' "Unopposed Motion for Approval of FLSA Settlement" ("Motion") (Doc. 60), the accompanying "Collective Action Settlement Agreement" ("Agreement") (Doc. 60-1), the accompanying Declarations of Peter Winebrake (Doc. 60-2) and Josef Buenker (Doc. 60-3), the accompanying brief (Doc. 60-5), and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement of this Fair Labor Standards Act ("FLSA") action is **APPROVED** as follows:

The instant settlement requires Defendant Rhombus Services, LLC ("Rhombus") to make a total payment of $1,180,000 to Michel Thompson ("Thompson"), George Higgins ("Higgins"), and 693 other opt-in plaintiffs who have joined the FLSA collective by filing Court-approved consent forms (collectively "Plaintiffs"). The total payment amount is to be distributed as follows: (i) $785,000 will be paid to Plaintiffs based on their weeks of employment during the applicable limitations period and as described in Exhibit A to the Agreement; (ii) $380,000 will be paid to Plaintiffs' Counsel to cover attorneys' fees, litigation expenses, and settlement administration expenses; (iii) a $10,000 service award will be paid to Thompson; and (iv) a $5,000 service award will be paid to Higgins.

The Court must review this FLSA settlement to ensure that it constitutes "a fair and

reasonable resolution of a *bona fide* dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *See Shaw v. Tabor Community Partners*, 2020 U.S. Dist. LEXIS 228653 (E.D. Pa. Dec. 2, 2020) (Younge, J.) (internal quotations omitted; citing cases). "In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable to the employees involved"; and (3) "furthers . . . the implementation of the FLSA in the workplace."" *Id.* (quoting *Redden v. King's Corner Pub, LLC*, 2017 U.S. Dist. LEXIS 178861, 2017 WL 4883177, *2 (E.D. Pa. Oct. 27, 2017). "In addition, courts reviewing an FLSA settlement must ensure that the attorneys' fees and expenses sought to be recovered by plaintiffs' counsel are reasonable." *Id.* (citing cases).

The instant settlement warrants the Court's approval for the reasons summarized below:

First, as discussed in Plaintiffs' brief, the $785,000 allotted to Plaintiffs resolves a *bona fide* dispute under the FLSA, *see* Doc. 60-5 at 10, and is fair and reasonable to the employees when viewed against the Third Circuit's *Girsh* factors, *see id.* at 11-13. Moreover, the settlement furthers the implementation of the FLSA in the workplace because it is publicly filed, does not contain any confidentiality provisions, and contains a limited release that is limited to wage and hour claims. *See id.* at 10.

Second, the requested attorney's fee is reasonable. After reducing the allotted $380,000 by $23,032 in litigation and settlement administration expenses, we are left with a $356,968 attorneys' fee, which constitutes approximately 30.25% of the $1,180,000 settlement fund. This percentage recovery falls well within the range of attorney's fees approved in other wage and hour cases.[1] Moreover, the fee's reasonableness is further confirmed by submissions indicating

---

[1] *See, e.g.*, *Goncalves v. AJC Construction Inc.*, 2022 WL 2985636, 2022 U.S. Dist. LEXIS 133995, *9-10 (E.D. Pa. July 28, 2022) (fee of "slightly less than 36 percent of the total recovery . . . is a reasonable amount in FLSA cases"); *Gravely v. PetroChoice, LLC*, 2022 WL 2316174,

that the fee results in a "lodestar multiplier" of 1.47 when compared to Plaintiffs' counsel's reported lodestar using hourly rates described in the Philadelphia Community Legal Services fee schedule. *See* Doc. 60-2 at ¶¶ 9-10; Doc. 60-3 at ¶¶ 7-8; Doc. 60-5 at 14. Such a multiplier is reasonable.[2]

Third, the Court finds that the requested service awards of $10,000 to Thompson and $5,000 to Higgins are reasonable. These awards fall within the range of awards paid to originating plaintiffs in other wage and hour settlements.[3]

Accordingly, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over any disputes pertaining to the enforcement of the settlement.

   /s/ John Milton Younge
John Milton Younge
Judge, United States District Court

---

2022 U.S. Dist. LEXIS 113746, *5 (E.D. Pa. June 28, 2022) (35% fee "in line with fee awards by courts in the Third Circuit").

[2] As a general matter, the Third Circuit has observed that lodestar "multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." *In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998). Moreover, the 1.47 multiplier resulting from the instant settlement is in-line with multipliers approved by this Court in other wage and hour settlements. *See, e.g., Wood v. AmeriHealth Caritas Services, LLC*, 2020 WL 1694549, 2020 U.S. Dist. LEXIS 60787, *29 (E.D. Pa. Apr. 7, 2020) (1.89 multiplier); *Arrington v. Optimum Healthcare IT, LLC*, 2018 WL 5631625, 2018 U.S. Dist. LEXIS 186192, *29-30 (E.D. Pa. Oct. 31, 2018) (5.3 multiplier); *Brown v. Progressions Behavioral Health Services, Inc.*, 2017 WL 2986300, 2017 U.S. Dist. LEXIS 108487, *17-18 (E.D. Pa. July 13, 2017) (3.1 multiplier).

[3] *See, e.g., Hall v. Accolade, Inc.*, 2020 WL 1477688, 2020 U.S. Dist. LEXIS 52632, *25-26 (E.D. Pa. Mar. 25, 2020) ($10,000); *Layer v. Trinity Health Corp.*, 2019 U.S. Dist. LEXIS 185211, *3 (E.D. Pa. Oct. 24, 2019) ($10,000); *Devlin v. Ferrandino & Son, Inc.*, 2016 WL 7178338, 2016 U.S. Dist. LEXIS 170823, *28-29 (E.D. Pa. Dec. 9, 2016) ($7,500); *Schaub v. Chesapeake & Delaware Brewing Holdings*, 2016 U.S. Dist. LEXIS 157203, *14-15 (E.D. Pa. Nov. 14, 2016) ($9,000); *Cikra v. Lami Products, LLC*, 2016 U.S. Dist. LEXIS 156798, *4-5 (E.D. Pa. Nov. 10, 2016) ($12,500).